IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Action No. 1:24-cr-251-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RONALD KING,
2. VICTOR ROITER,
3. TINA WELLMAN,
4. ADAM SHORR,
5. ROBERT O'SULLIVAN,
6. BRADLEY EDSON, and
7. JOHN GAUTEREAUX,

    Defendants.

## ORDER

This matter is before the Court on Defendant John Gautereaux's Unopposed Motion for Exclusion of Additional Time Under the Speedy Trial Act (ECF No. 127). Defendant Gautereaux's Motion requests that the Court exclude an additional 120 days[1] from counting toward the deadline(s) under the Act. All Defendants join in the Motion and the Government does not object to the requested exclusion. For the following reasons, the Motion is GRANTED.

---

[1] On September 11, 2024, this Court granted Defendant Shorr's Unopposed Joint Motion to Declare Case Complex and Exclude Time (ECF No. 71), declaring the case complex and extending the 70-day clock to March 13, 2025. ECF No. 74.

1

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  See 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  See 18 U.S.C. § 3161(h)(1)-(8).  Among the authorized delays, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Hill*, 197 F.3d at 441.  First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The

Court has discharged these duties. Pursuant to this Court's Order declaring this case as complex excluding 120 days from the Speedy Trial clock (ECF No. 75), pretrial motions are due February 3, 2025, responses are due February 17, 2025, and a 5-week jury trial is set to commence March 10, 2025. *Supra*, note 1 at 1.

As background information, the Grand Jury returned an indictment in this matter on August 21, 2024, which charged Defendant with conspiring to offer and pay kickbacks and bribes, in violation of 18 U.S.C. §371, 42 U.S.C. § 1320a-7b(b) and 18 U.S.C. § 220. Six other individuals were also charged with this, and related, crimes. ECF No. 1. The Motion states that the Indictment stems from a complicated, putative scheme involving genetic testing, marketing, billing, kickbacks, and bribes.

Counsel for Defendant Gautreaux states that this is a factually and legally complex case, as it stems from a multi-year investigation by the Government. Counsel further states that hundreds of individuals were contacted, investigated, and/or interviewed by Government agents during the investigation. In addition, counsel notes he has needed, and continues to need, significant time to determine which of these individuals needs to be contacted and interviewed.

Counsel for Defendant Gautereaux states that the amount of discovery is voluminous including: a) approximately 482,000 documents received in response to third party subpoenas, b) voluminous data extractions from cell phones and computers seized pursuant to search warrants issued at the homes of three co-Defendants, c) approximately 100,000 emails and attachments seized from the accounts of three co-Defendants, and d) investigative reports from four different federal law enforcement

4

agencies. *See* November 15, 2024, Joint Status Report, ECF No. 122. Further since mid-November, counsel states that the Government has made three additional disclosures, consisting of thousands of pages, with additional discovery forthcoming. In addition, counsel for Defendant Gautereaux states that they are utilizing Case Point in order to review much of the discovery, which is painstakingly slow. As a result, counsel states that he needs significant additional time to get a handle on the contents of discovery, as well as other investigative needs of the case. As noted earlier, all Defendants join in the Motion and the Government does not object to the requested exclusion

On the basis of the foregoing, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself with the time limits otherwise set by the Act.  Additionally, the Court finds and concludes that the ends of justice served by the granting of additional excludable time herein outweigh the best interests of the public and the Defendants in a speedy trial.

The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(3) Even were the case not complex, and considering due diligence, failure to grant the motion would deny counsel for Defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

5

(4) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1) Defendant Gautereaux's Unopposed Motion for Exclusion of Additional Time Under the Speedy Trial Act, at ECF No. 127, is **GRANTED;**

**(2)** **The 70-day clock, exclusive of tolled time, shall accordingly be extended from March 13, 2025, to September 9, 2025;**

**(3)** The current trial date and all pretrial deadlines and settings are hereby VACATED. The **5-week** jury trial is reset for **September 8, 2025**. The Trial Preparation Conferences are reset for **August 21, 2025, at 3:00 PM**;

(4) Defendants shall have to and including **June 23, 2025,** to file pretrial motions, and responses to these motions shall be filed by **July 14, 2025**. **If no pretrial motions are filed by June 23, 2025, the Court will deem Defendants to have waived any such motions.** If counsel believe an evidentiary hearing on pretrial motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **July 16, 2025**;

(5) Expert Disclosure are due **June 23, 2025**. Challenges to Expert Disclosures and/or Rebuttal Expert Disclosures are due **July 14, 2025;**

(6) Challenges to Rebuttal Expert Disclosures are due **July 28, 2025;**

(7) Motions in Limine are due **July 21, 2025**, with responses due **August 4, 2025;** and

(8) A status conference is set for **July 23, 2025, at 3:00 PM**. The parties are to be prepared to discuss the status of discovery, defense investigation, pretrial motions deadlines and trial dates at that Status Conference.

6

Dated: January 29, 2025.

                                               BY THE COURT:

                                        _____
                                        REGINA M. RODRIGUEZ
                                        United States District Judge